## OZARK LAND CO. v. LEONARD and others.

*(Circuit Court, E. D. Arkansas. May, 1885.)*

INJUNCTION—NOT SUSPENDED BY SUPERSEDEAS.
A decree granting an injunction is not nullified or suspended by an appeal to the supreme court, though all the requisites for a *supersedeas* are complied with.

In Equity.

*John B. Jones,* for plaintiff.

*T. W. Brown* and *O. P. Lyles,* for defendants.

CALDWELL, J.  The defendants, by O. P. Lyles, their solicitor, tendered an appeal-bond in this case, and stated that the penalty of the bond was sufficient to cover the value of the timber on the lands in controversy, and prayed the opinion of the court as to whether the defendants, upon the approval of the bond, would have the right to cut and remove the timber from the lands in controversy, notwithstanding the injunction contained in the final decree perpetually enjoining them from so doing.  The injunction is not nullified by the appeal. The supreme court say:

"Neither an injunction, nor a decree dissolving an injunction, passed in a circuit court, is reversed or nullified by an appeal or writ of error before the cause is heard in this court."  *Slaughter-house Cases*, 10 Wall. 273.

This doctrine is reaffirmed in *Hovey* v. *McDonald*, 109 U. S. 150, S. C. 3 Sup. Ct. Rep. 136, where the court say:

"It was decided that neither a decree for an injunction nor a decree dissolving an injunction was suspended in its effects by the writ of error, though all the requisites for a *supersedeas* were complied with."

In the last case cited it is said the power undoubtedly exists in the circuit court, if the purposes of justice require it, to order a continuance of the *status quo* until a decision by the appellate court, and that equity rule 93 was adopted in recognition of this power.  If no order was made by the court on the subject, the injunction would remain in force against the defendants, notwithstanding the appeal. But, to prevent any misconception on the subject, the order approving the bond will state that the appeal is not to suspend the injunction. This is proper, because for the court to permit the appeal to supersede the injunction, and the defendants to go forward and cut the timber on the land in controversy, would be to take from the plaintiff the fruits of its decree.  The land is only valuable for its timber. If the defendants are allowed to cut and remove the timber, and the decree should be affirmed, the plaintiff, while nominally successful, would, in reality, lose the subject-matter of the litigation, which would go to the defendants.

It is said that in case the decree is affirmed the defendants and their sureties would be liable on the *supersedeas* bond to the plaintiff for the value of the timber cut.  Conceding, but not deciding, that this would be so, then the result of a suspension of the injunction on the defendants would be, in effect, a sale by the court, at a price to be hereafter fixed by the verdict of a jury, of the timber on the land to the defendants, without the consent of the plaintiff.  This is a case where the *status quo* should continue until the case is decided by the appellate court, and an order will be entered to that effect.  This will preserve the rights of both parties.